# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ONDRASEK, | Case No.:12-cv-01608-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| vs. | |
| RALF DIAZ, | |
| Respondent. | [Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on September 18, 2012, in the United States District Court for Central District of California.  On September 25, 2012, the petition was transferred to this Court.

Petitioner challenges the 2011 decision by the Board of Parole finding him unsuitable for parole.

///

///

<u>DISCUSSION</u>

I.     <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).  The Court will review the instant petition pursuant to its authority under Rule 4.

II.    <u>Failure to State a Cognizable Ground for Relief</u>

On January 24, 2011, the Supreme Court issued its opinion in <u>Swarthout v. Cooke</u>, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), and held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  <u>Id.</u> at 863. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." <u>Id.</u> at 862, citing, <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (<u>See</u> Pet. Ex. B.)  According to the Supreme Court, this is "the beginning and the end

of the federal habeas courts' inquiry into whether [the prisoner] received due process."

<u>Swarthout</u>, 131 S.Ct. at 862. "The Constitution does not require more [process]." <u>Greenholtz</u>,

442 U.S. at 16.  Therefore, Petitioner's substantive challenges to the 2011 decision of the parole

board are not cognizable in this Court, and the petition must be dismissed.

III.    <u>Certificate of Appealability</u>

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances.

Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining

whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
> district judge, the final order shall be subject to review, on appeal, by the court
> of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the
> validity of a warrant to remove to another district or place for commitment or trial
> a person charged with a criminal offense against the United States, or to test the
> validity of such person's detention pending removal proceedings.

> (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an
> appeal may not be taken to the court of appeals from–

>> (A) the final order in a habeas corpus proceeding in which the
>> detention complained of arises out of process issued by a State
>> court; or

>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the
> applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which
> specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

appealability "if jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   __October 15, 2012__          _____ /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE